**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

KEITH WATERS,

                Plaintiff,

    v.                                                      No. 15-CV-805 (TJM/CFH)

SGT. A. MELENDEZ; et al.,

                Defendants.

---

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**APPEARANCES:**                         **OF COUNSEL:**

KEITH WATERS
Plaintiff pro se
06-A-2999
Wallkill Correctional Facility
Box G
Wallkill, New York 12589

HON. ERIC T. SCHNEIDERMAN        ORIANA L. CARRAVETTA, ESQ.
Attorney General for the                  Assistant Attorney General
   State of New York
The Capitol
Albany, New York 12224
Attorney for Defendants

## REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Keith Waters an inmate who was, at all relevant times, in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Coxsackie Correctional Facility ("Coxsackie C.F."), brings this action pursuant to 42

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

U.S.C. § 1983 against defendants Sergeant A. Melendez, Hearing Officer Eric Gutwein, Director of Special Housing Unit ("SHU") A. Prack, Correction Officer ("C.O.") Muschett, Corey Bedard, Scott Lamphere, and Opal Rivera for violations of his rights under the First and Fourteenth Amendments. See generally Second Amended Complaint ("Sec. Am. Compl.") (Dkt. No. 23). Presently pending is defendants' motion pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(c) to dismiss the complaint on the ground that it is duplicative of the action Waters v. Prack, No. 13-cv-1437, which was filed by plaintiff and is currently pending in this District. Dkt. No. 53. Defendants also move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the claims against defendants Bedard, Lamphere, and Rivera for failure to state a claim. Id. For the reasons set forth below, it is recommended that the motion be granted in part and denied in part.

## I. Background

### A. Plaintiff's Recitation of the Facts

Plaintiff, an African-American inmate, was assigned to work in the law library at Coxsackie C.F. Sec. Am. Compl. ¶ 13. During plaintiff's incarceration at Coxsackie C.F., he filed a sexual harassment/assault claim against C.O. Jody Slater. Id. Plaintiff claims that his filing of this claim was widely known among the correction staff at Coxsackie C.F. Id. ¶ 14. At several unspecified times, upon plaintiff's entering the law library to begin work, he would find racially offensive notes, photographs, and drawings placed on his kiosk. Id. ¶ 14. Plaintiff was escorted by defendant C.O. Muschett during these incidents. Id.

In mid-September 2012, defendant Sgt. Melendez approached plaintiff and

threatened him with disciplinary action for providing legal assistance to other inmates, filing claims for property destroyed by Coxsackie C.F. staff, filing Court of Claims actions, and filing civil rights and Prison Rape Elimination Act ("PREA") claims. Sec. Am. Compl. ¶ 15. Sgt. Melendez threatened plaintiff with disciplinary action again in late October 2012 in response to plaintiff's filing grievances against correction officers. Id. ¶ 16. In November 2012, Sgt. Melendez asked plaintiff for legal assistance for his nephew. Id. ¶ 17. That same month, plaintiff heard Sgt. Melendez tell another sergeant regarding plaintiff: "[T]his is our facility's Johnnie Cochran. Every facility's got one, but we're getting ready to get rid of his black ass." Id.

Sgt. Melendez, upon speaking with C.O. Muschett, recovered a note indicating that plaintiff had performed legal work for another inmate in exchange for compensation. Sec. Am. Compl. ¶¶ 18-19. Plaintiff alleges that, in January 2013, Sgt. Melendez authored a false misbehavior report ("MBR"), wherein Sgt. Melendez accused plaintiff of accepting compensation in exchange for legal services in contravention of C.O. Muschett's order that plaintiff refrain from doing so. Id. ¶ 20. Plaintiff asserts that Sgt. Melendez made no effort to ascertain the validity of the note he found. Id. ¶ 21. Plaintiff further asserts that C.O. Muschett advised Sgt. Melendez that plaintiff could not have committed the violation on the date listed on the MBR because plaintiff was housed at a different facility at the time of the alleged violation. Id. ¶ 22. Sgt. Melendez's supervisor, non-party Lieutenant ("Lt.") Sheridan, accepted the MBR despite his knowledge that the information contained in the MBR was false. Id. ¶¶ 24-26.

Following Sgt. Melendez's issuance of the MBR, defendant Gutwein presided over plaintiff's disciplinary hearing on January 22, 2013. Sec. Am. Compl. ¶ 28. At the hearing,

Gutwein received evidence indicating that plaintiff was not at Coxsackie C.F. on the date and time of the offense charged. Id. ¶¶ 28-29. Despite Gutwein's knowledge of plaintiff's innocence as to the allegations in the MBR, Gutwein requested three extensions to delay plaintiff's disciplinary hearing. Id. ¶ 30. Defendants Bedard, Lamphere, and Rivera each granted one of Gutwein's extension requests. Id. ¶¶ 31-33. Plaintiff alleges that defendant Prack instructed Gutwein to delay plaintiff's disciplinary hearing. Id. ¶ 35. Plaintiff alleges that Prack reviewed plaintiff's appeal of the disciplinary hearing "in a biased, partial, and personal manner." Id. ¶ 36.

## II. Discussion

### A. Motion to Dismiss Under Fed. R. Civ. P. 12(c)

It is well-settled that a district court has the power to "stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) (additional citations omitted). However, no "rigid test" has been formulated to guide the Court in exercising that power. Id. Rather, the Court must only "consider the equities of the situation when exercising its discretion." Id. (citation omitted). The Court is further guided by the Second Circuit's admonition that the first suit filed has priority over the second, absent any special circumstances that justify giving priority to the second. First City Nat. Bank and Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989) (citations omitted).

Whether or not the Court recommends granting defendants' motion to dismiss the complaint depends on the claims asserted in the allegedly duplicative suit. Thus, the Court

summarizes below the claims asserted in Waters v. Prack, No. 13-cv-1437.

### 1. Plaintiff's Recitation of Facts in Waters v. Prack, No. 13-cv-1437

While incarcerated at Greene Correctional Facility ("Greene C.F.") in January 2013, plaintiff was served a tier III disciplinary report written at Coxsackie C.F. Dkt. No. 42 ¶ 12. On January 22, 2013, plaintiff objected to the disciplinary proceedings resulting from that disciplinary report, on the ground that there was no notice of the date, time or place of the misconduct alleged. Id. ¶ 13. Testimony from Sgt. Melendez demonstrated that there was no evidence indicating that plaintiff was present on the date, time, and place alleged in the disciplinary report. Id. ¶¶ 14-15. Instead of dismissing the charges, Gutwein adjourned the disciplinary hearing following Sgt. Melendez's testimony. Id. ¶ 15.

Plaintiff alleged that he made "written complaints" to Prack and Dirie regarding Gutwein's partiality in conducting plaintiff's disciplinary hearing. Dkt. No. 42 ¶ 17. Prack received plaintiff's complaints before denying plaintiff's administrative appeal on May 8, 2013. Dkt. No. 42 ¶ 19. On March 22, 2013, Dirie "disregarded" plaintiff's complaints regarding Gutwein and submitted a transfer request of plaintiff. Id. ¶ 21. Plaintiff named Prack and Dirie in a later Article 78 proceeding challenging the tier III disciplinary hearing. Id. ¶ 22.

### 2. Application

It is clear to the Court that the claims asserted in the Second Amended Complaint in this suit, and the claims asserted in the Second Amended Complaint in Waters v. Prack,

arise from the same incident.

In this suit, plaintiff alleges that, on January 18, 2013, Sgt. Melendez, upon information obtained from C.O. Muschett, issued him a false MBR in retaliation for a lawsuit plaintiff initiated against a former Coxsackie C.F. law library supervisor. Sec. Am. Compl. ¶¶ 14, 18, 25. Following the issuance of the MBR, a disciplinary hearing took place on January 22, 2013, conducted by Gutwein. Id. ¶ 28. On January 24, 2013, plaintiff alleges that Sgt. Melendez gave testimony at the disciplinary hearing. Id. ¶ 29. Bedard, Lamphere, and Rivera approved multiple requests from Gutwein to delay the disciplinary proceedings. Id. ¶¶ 30-33. Plaintiff appealed the adverse disciplinary hearing determination to Prack. Id. ¶ 36.

Plaintiff does not dispute that the MBR and disciplinary proceedings discussed in this suit are the same MBR and disciplinary proceedings discussed in the duplicative suit. However, the only defendants in this suit who are also named in the duplicative suit are Gutwein and Prack. Plaintiff claims that these defendants are named in both suits because their "motivation for retaliation" is different in each suit. Dkt. No. 57 at 3. In this suit, plaintiff claims that Gutwein and Prack issued unfavorable disciplinary determinations in retaliation for his filing a claim against a former Coxsackie C.F. law library supervisor, and for his providing legal assistance to other inmates. Sec. Am. Compl. ¶¶ 14, 34, 38; Dkt. No. 57 at 4. In the Waters v. Prack, plaintiff claims that Gutwein and Prack issued unfavorable disciplinary determinations in retaliation for plaintiff's written complaints regarding a dorm sanction policy at Greene C.F. Dkt. No. 42 ¶¶ 16, 22, 25.

Plaintiff argues that he should be able to maintain both suits because the alleged motivation for the defendants actions in each suit is different. Dkt. No. 57 at 4. The Court

disagrees as to defendants Gutwein and Prack. The claims alleged against Gutwein and Prack in each suit arise from the same MBR and subsequent disciplinary proceedings. In both suits, plaintiff has asserted First Amendment retaliation and Fourteenth Amendment due process claims against Gutwein and Prack. Sec. Am. Compl. ¶¶ 47-52; Dkt. No. 42 ¶¶ 32-40. Thus, "conservation of judicial resources and comprehensive disposition of litigation" favor dismissing Gutwein and Prack from this action. Guillory v. Haywood, No. 9:13-cv-01564, 2015 WL 268933, at *15 (N.D.N.Y. Jan. 21, 2015).

The Court reaches a different conclusion as to defendants Melendez, Muschett, Bedard, Lamphere, and Rivera. These defendants are not named in Waters v. Prack. Additionally, the conduct alleged against Melendez and Muschett is not discussed in the Waters v. Prack. Melendez's issuing a false MBR, and Muschett's assisting with issuing the false MBR, are not mentioned in plaintiff's complaint filed in Waters v. Prack. Further, Bedard, Lamphere, and Rivera are not mentioned in the Waters v. Prack. Although these defendants were allegedly involved in granting extensions in the disciplinary proceedings that form the basis of plaintiff's claims in both actions, plaintiff has not asserted a claim against them in Waters v. Prack. A review of the docket in Waters v. Prack indicates that discovery is now closed in that case, and defendants have filed a motion for summary judgment. Waters v. Prack, No. 13-cv-1437, Dkt. No. 110. Therefore, if the Court were to dismiss the claims against Melendez, Muschett, Bedard, Lamphere, and Rivera, plaintiff would be foreclosed from litigating his claims against them. Thus, the Court finds that special circumstances militate against dismissal of the claims against Melendez, Muschett, Bedard, Lamphere, and Rivera.

Accordingly, the Court recommends that defendants' motion to dismiss plaintiff's

claims as duplicative be granted as to defendants Gutwein and Prack, and denied as to defendants Melendez, Muschett, Bedard, Lamphere, and Rivera.

### B. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Under Fed. R. Civ. P. 12 (b)(6), a defendant may move to dismiss a complaint for a plaintiff's "failure to state a claim upon which relief can be granted." When considering such a motion, a court must "construe plaintiff['s] complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiff['s] favor." Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009) (quoting Holmes v. Grubman, 568 F.3d 326, 335 (2d Cir. 2009)) (internal quotation marks omitted). However, this "tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009)) (internal quotation marks and alterations omitted).

Accordingly, to survive a motion to dismiss, a complaint must state a claim for relief that is "'plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (internal citations omitted). Determining whether plausibility exists is "a context-specific task that requires the reviewing court to draw

on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Where, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit stated,

> [t]here are many cases in which we have said that a *pro se* litigant is entitled to special solicitude, that a *pro se* litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest. At the same time, our cases have also indicated that we cannot read into *pro se* submissions claims that are not consistent with the *pro se* litigant's allegations or arguments that the submissions themselves do not suggest that we should not excuse frivolous or vexatious filings by *pro se* litigants, and that *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .

Id. (internal quotation marks, citations, and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191–92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally." (internal citations omitted)).

### 1. Application

Defendants argue that plaintiff's claims against defendants Bedard, Lamphere, and Rivera should be dismissed for failure to state a claim. Dkt. No. 53 at 9-10.

Plaintiff claims that Bedard, Lamphere, and Rivera granted extensions of plaintiff's disciplinary proceedings "in violation of employer rules without verification of a legitimate reason." Sec. Am. Compl. ¶¶ 31-33. He further claims that these defendants granted the extensions in an "unfair, biased, and partial manner for the purpose of facilitating Gutwein's

-9-

racial animus retaliation and revenge against plaintiff." Id. ¶ 46. Defendants argue that plaintiff has failed to allege a due process violation against Bedard, Lamphere, or Rivera because, although New York State regulations dictate the process requirements regarding the granting of extensions in prison disciplinary proceedings, there is no parallel federal due process requirement. Dkt. No. 53 at 9-10.

The Due Process Clause of the Fourteenth Amendment states that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." U.S. CONST. amend. XIV § 1. It is important to emphasize that due process "does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished without due process of the law." Baker v. McCollan, 443 U.S. 137, 145 (1979) (internal quotation and citations omitted). "A liberty interest may arise from the Constitution itself, . . . or it may arise from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted).

Plaintiff states that the alleged due process violations resulted in his loss "of earned good time credits and limited time credit allowance." Sec. Am. Compl. ¶ 26. The Second Circuit has held that "[I]nmates have a liberty interest in good time credit they have already earned[.]" Abed v. Armstrong, 209 F.3d 63, 66-67 (2d Cir. 2000) (citing Wolff, 418 U.S. at 556-58)). Thus, plaintiff established that he possessed a liberty interest insofar as he alleges that he lost earned good time credits.

While inmates are not given "the full panoply of [due process] rights," they are still afforded procedural due process. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). A prisoner is "entitled to advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair

and impartial hearing officer; and a written statement of the disposition including the evidence relied upon and the reasons for the disciplinary actions taken." Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004) (citations omitted).

Here, plaintiff's claim against defendants Bedard, Lamphere, and Rivera is that they improperly granted extensions of his disciplinary hearing as requested by Gutwein. Sec. Am. Compl. ¶¶ 31-33. DOCCS regulations provide that a disciplinary hearing must be completed within fourteen days "unless otherwise authorized by the commissioner or his designee." N.Y. COMP. CODES R. & REGS. tit. 7, § 251-5.1(b) ("7 N.Y.C.R.R. § 251-5.1(b)"). Defendants' argue that "failure to comply with state regulatory requirements, where there are no equivalent federal requirements, is not a violation of a constitutional right." Dkt. No. 53 at 10 (citations omitted). Defendants are correct, insofar as "'[d]ue process for an inmate disciplinary hearing does not encompass a right to a speedy hearing. The Second Circuit has held that the lack of a speedy hearing alone 'would not be enough generally to establish a constitutional claim.'" Barnes v. Henderson, 628 F. Supp. 2d 407, 411 (W.D.N.Y. 2009) (quoting Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995)). Thus, because plaintiff's only claim against Bedard, Lamphere, and Rivera is that they granted extensions of plaintiff's timely commenced disciplinary hearing, plaintiff has failed to state a claim as to the allegedly improper extensions. Extensions of disciplinary hearings are clearly proscribed in DOCCS regulations. See 7 N.Y.C.R.R. § 251-5.1(b). Plaintiff's conclusory allegation against Bedard, Lamphere, and Rivera is insufficient to state a claim.

Accordingly, it is recommended that defendants' motion on this ground be granted.

### III. Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that defendants Melendez, Muschett, Gutwein, Prack, Bedard, Lamphere, and Rivera's motion to dismiss pursuant to Fed. R. Civ. P. 12(c) be:

1. **GRANTED** as to all claims against defendants Gutwein and Prack.

2. **DENIED** as to all claims against defendants Melendez, Muschett, Bedard, Lamphere, and Rivera; and it is further

**RECOMMENDED** that defendants Bedard, Lamphere, and Rivera's motion pursuant to Fed. R. Civ. P. 12(b)(6) be **GRANTED**; and it is further

**RECOMMENDED** that defendants Gutwein, Prack, Bedard, Lamphere, and Rivera be dismissed from this action; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

DATED: January 31, 2017
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge